UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CAMERON S. PETERSON, | |
| Plaintiff, | |
| v. | No. 3:24 CV 140 |
| DYLAN J. CABANAW and PADRICK SCHMITT, | |
| Defendants. | |

## OPINION and ORDER

Cameron S. Peterson, a prisoner without a lawyer, filed a complaint. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Peterson, who was previously housed at Indiana State Prison, alleges that, on December 22, 2023, at about 12:15 a.m., he was moved from West 2-Dorm to East 2-Dorm because inmates were spraying him with chemicals. (DE # 2 at 2.) At about 11:00 a.m. that same morning, Sergeant Padrick Schmitt moved Peterson back to West 2-Dorm. *Id.*

The next day, on December 23, at about 9:00 a.m., while housed in West-2 Dorm, Peterson asserts that an inmate tried to hit him. *Id*. However, he was able to defend himself and Sergeant Welch moved him back to East 2-Dorm. *Id*.

On December 24, at about 1:00 a.m., Peterson felt liquid dripping down his back. *Id*. One of the officers at the officers' station had poured coffee down Peterson's back and laughed stating it was Peterson's fault. *Id*. At about 10:00 a.m. that morning, Peterson drank his coffee, but it tasted gritty. *Id*. He believes the coffee was laced with some type of drug. *Id*. Peterson reported the incident to the prison's internal affairs officers. *Id*.

On December 25, at about 6:00 a.m., Peterson alleges that, while he was sleeping, inmates raped him. *Id*. He woke up with his eyes covered and his legs, hands, and head being held down. *Id*. Peterson could hear officers saying "F*** him." *Id*.

The following day, on December 26, at about 11:00 a.m., Peterson snuck out of his dorm and went to Lt. Dylan Cabanaw's office. *Id*. at 3. He filed a Prison Rape Elimination Act ("PREA") report and talked with internal affairs officers. *Id*. Peterson asserts Lt. Cabanaw refused to send him to the hospital. *Id*. Sergeant Welch later moved Peterson to West 1-Dorm, but he continued to be abused. *Id*.

On December 29, 2023, at about 9:00 a.m., Peterson called his mother and asked her to contact the authorities. *Id*. Shortly thereafter, he was sent to the hospital. *Id*.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at

2

the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–426 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018).

In this case, Peterson has sued Sergeant Schmitt and Lt. Cabanaw. While it is unclear from his complaint, he seems to allege that Sergeant Schmitt endangered his

3

health and safety when Sergeant Schmitt moved him back to West 2-Dorm on the morning of December 22. (DE # 2 at 2.) Peterson states that, after Sergeant Schmitt moved him to West 2-Dorm, an inmate attempted to hit him, but he was able to defend himself. *Id*. Peterson has not plead facts from which it can be plausibly inferred that Sergeant Schmitt was aware of or knew in advance that the inmate planned to hit him, yet failed to take appropriate steps to protect him from the specific danger. Thus, Sergeant Schmitt's actions do not constitute deliberate indifference. Peterson has not stated a claim against Sergeant Schmitt.

As to Lt. Cabanaw, while unclear, Peterson seems to allege that he violated PREA when he refused to send him to the hospital after he was raped by inmates on December 25. (DE # 2 at 3.) To the extent Peterson is alleging violations of PREA or prison policy in the handling of this incident, that cannot form the basis of a claim under 42 U.S.C. § 1983. *Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021) (PREA does not create a private right of action). Similarly, Lt. Cabanaw's failure to follow internal policies pertaining to PREA does not state a claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations"). While deliberate indifference to an inmate's need for medical care can state a constitutional claim, Peterson has not alleged that Lt. Cabanaw denied him access to necessary medical care, only that Lt. Cabanaw refused Peterson's request to be sent to the hospital. Peterson has not stated a claim against Lt. Cabanaw.

This complaint does not state a claim for which relief can be granted. If Peterson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Cameron S. Peterson until **July 5, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Cameron S. Peterson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: June 6, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT